United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN TRACEY HILL, | No. C 01-1646 SI (pr) |
| Petitioner, | **ORDER LIFTING STAY, REOPENING ACTION, PERMITTING AMENDED PETITION, AND SETTING BRIEFING SCHEDULE** |
| v. | |
| GEORGE M. GALAZA, | |
| Respondent. | |

Brian Tracey Hill filed this action seeking a writ of habeas corpus under 28 U.S.C. § 2254. After the court determined that state court remedies had not been exhausted for three of the claims in the habeas petition, Hill requested a stay of the proceedings while he exhausted his unexhausted claims in the California Supreme Court. The court stayed the action and administratively closed it.

A.  Motion To Amend

Hill filed a "Notice and Notice Of Motion To Amend Petition (Reopen Case)" and many months later finally served a copy of it on respondent's counsel. Respondent opposed the motion. The court asked for, and obtained, supplemental briefing on the impact of Mayle v. Felix, 125 S. Ct. 2562 (2005). Upon due consideration, the court GRANTS the motion to amend and reopen the case. (Docket # 33.)

The amended petition received on May 4, 2004 includes several pages of newly handwritten material in which Hill describes five claims for relief (pages 6-A - 6-F), plus a photocopy of a portion of one of the two amended petitions he filed July 11, 2001 in which he identified his claims for relief as arguments I - XI (pages 9-31). The May 2004 amended petition did not include the ineffective assistance of appellate counsel claim asserted in the other amended petition filed on July 11, 2001. The court understands the May 2004 amended petition to be the operative pleading and to have superseded the earlier amended petitions, as there appears to be no reason to have included pages 9-31 unless it was an effort to put together in a single place all the claims Hill wants this court to consider. See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.")

The court has considered the five handwritten claims at pages 6-A - 6-F in the amended petition, rather than the description of those new claims in the motion to amend, to determine whether to permit the amended petition. All five of those claims were in the two amended petitions filed on July 11, 2001.[1] Three of those claims were later deleted from one of the July 11, 2001 amended petitions, but that deletion by petitioner was done at the court's direction under then-existing authority that only permitted a stay-and-abeyance after the petitioner had deleted unexhausted claims. See Apr. 15, 2003 Order Granting Motion To Dismiss And Requiring Election By Petitioner. The United States Supreme Court later held that the district court could stay mixed habeas petitions to allow the petitioner to exhaust in state court. Rhines v. Webber, 125 S. Ct. 1528, 1535 (2005). It is now unnecessary for the petitioner to delete the unexhausted issues before the court issues a stay, as previously required by Ninth Circuit cases,

---

[1] Claim 1 (exclusion from conference between court and prosecutor) in the May 4, 2004 amended petition was Argument I in one of the amended petitions filed July 1, 2001. Claim 2 (trial court failed to adequately advise of Faretta dangers and disadvantages) was Argument VI. Claim 3 (denial of request for continuance and reappointment of counsel) was Argument III. Claim 5 (cumulative error) was Argument XI. Claim 4 (ineffective assistance of appellate counsel) was part of the claim raised in the other amended petition filed July 1, 2001.

although that court has not considered the continuing propriety of that procedure. Jackson v. Roe, 425 F.3d 654, 659-61 (9th Cir. 2005). Hill should not be penalized for following a court order that was correct under the law at the time. All the handwritten claims in the May 2004 petition were presented to this court in July 2001 and, for statute of limitations purposes, will be deemed to relate back to the July 2001 amended petitions. They therefore will not be rejected as untimely.

B.      Re-Opening The Action And Briefing Schedule

The clerk will file the amended petition received on May 4, 2004. The stay is lifted and this action is reopened. The amended petition received on May 4, 2004 is now the operative pleading and supersedes the July 11, 2001 amended petitions.

In order to move this case toward resolution, the court now sets the following briefing schedule:

1.      Respondent must file and serve upon petitioner, on or before **May 26, 2006**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

2.      If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **July 7, 2006**. Plaintiff is reminded once again that he must serve on respondent's counsel a copy of any document he files and must file a proof of service showing that fact.

IT IS SO ORDERED.

DATED: March 17, 2006

SUSAN ILLSTON
United States District Judge

3